IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CRUISENET CORP.,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>NO. 07-cv-00335-SLR |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF PLAINTIFF QVC, INC. FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT
CRUISENET CORP. PURSUANT TO FED.R.CIV.P. 55(b)(2)**

　　Plaintiff, QVC, Inc. ("Plaintiff"), by and through its undersigned attorneys, respectfully submits the following memorandum of law in support of the **Motion Of Plaintiff QVC For Entry Of Default Judgment Against Defendant Cruisenet Corp. Pursuant To Fed.R.Civ.P. 55(b)(2).**

　　Plaintiff commenced the within civil action against defendant, Cruisenet Corp. ("Defendant"), on May 19, 2005 seeking a money judgment in the amount of (a) the aggregate sum of $91,928.30 (plus such pre-judgment interest, as allowed by law) due and owing to Plaintiff by Defendant in accordance with the provisions of a certain **Joint Marketing Agreement** (the "Agreement") dated as of May 24, 2006; (b) court costs. (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" and made a part hereof). This Court has original jurisdiction over the within civil action pursuant to 28 U.S.C. § 1332(a) in that the controversy is between parties of diverse citizenship and exceeds the sum or value of $75,000.00, exclusive of interests and costs.

550750.1 8/13/07

Defendant was served with the Summons and Plaintiff's Complaint on June 8, 2007 (by and through service upon Defendant's registered agent) pursuant to Fed.R.Civ.P. 4(h)(1). (*See* Declaration of Nathaniel Metz, Esquire, and exhibit thereto, both attached hereto collectively hereto as Exhibit "B" and made a part hereof). Pursuant to Fed.R.Civ.P. 12, Defendant was required to answer, move or otherwise respond to the Complaint on or before June 28, 2007, but did not do so. On August 9, 2007, the Clerk of this Court entered default against Defendant in accordance with Fed.R.Civ.P. 55(a) for failure to plead or otherwise defend as required by the Federal Rules of Civil Procedure. (A true and correct copy of the **Entry Of Default** against Defendant is attached hereto as Exhibit "C" and made a part hereof). As a result of such **Entry Of Default** by the Clerk of the Court for failure to appear in the within civil action, and pursuant to Fed.R.Civ.P. 55(b)(2), this Court may enter judgment by default against Defendant in accordance with the within motion[1].

Plaintiff is a general merchandise electronic retailer that markets and distributes a wide variety of products directly to consumers through various means and media, including, without limitation, its direct response television programming (Plaintiff's Complaint at ¶6). Defendant, in relevant part, is a travel agent that specializes in offering and facilitating the booking of cruises. (Plaintiff's Complaint at ¶7). The Agreement, among other things, pertains to the promotion of the **QVC 20th Birthday Cruise** (the "QVC Cruise"), a seven night celebratory cruise aboard the *MSC Opera* for Plaintiff's

---

[1] Pursuant to Fed.R.Civ.P. 5(a), "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." No pleading asserting new or additional claims against Defendant have been filed in the within civil action. In accordance with Rule 5(a), therefore, no copy of the within motion need be served upon Defendant as a result of the entry of default by the Clerk of the Court.

customers and guests, and the sale of tickets and related travel offerings to Plaintiff's customers in connection with the QVC Cruise. (Plaintiff's Complaint at ¶8). In partial consideration for Plaintiff's services and the use of Plaintiff's trademarks, Defendant was obligated under the Agreement to remit to Plaintiff, no later than February 13, 2007, (a) the aggregate dollar amount of difference between the sale price (per person) of ship cabins sold by Plaintiff and the agreed upon cost of such cabins (per person) under the Agreement; (b) all amounts due in connection with travel insurance; and (c) ten percent (10%) of the booking fees for all Ft. Lauderdale hotel rooms booked by Plaintiff's customers for pre-departure and post-return nights in connection with the QVC Cruise. (Plaintiff's Complaint at ¶¶9, 11, 12 and 18). Thus, under the terms of the Agreement, there is due and owing by Defendant to Plaintiff the aggregate sum of $91,928.30, representing (a) the aggregate amount of $88,496.00 for the difference between the sale price (per person) of ship cabins sold by Plaintiff and the agreed upon cost of such cabins (per person) under the Agreement; (b) the amount of $2,351.00 in connection with travel insurance; and (c) the amount of $1,081.30 representing ten percent (10%) the booking fees for all Ft. Lauderdale hotel rooms booked by Plaintiff's customers for pre-departure and post-return nights in connection with the QVC Cruise. Plaintiff's Complaint at ¶10). Although Plaintiff satisfied all of its obligations under the Agreement, Defendant, to date, has failed or refused to remit the amounts due and owing to Plaintiff despite repeated demands for payment. (Plaintiff's Complaint at ¶¶13, 14 and 16).

Plaintiff also seeks, and is entitled to, pre-judgment interest accruing upon the aforesaid amount of $91,928.30 from February 13, 2007, the date upon which such amount was due, but not remitted, until the date upon which judgment is entered in this matter.

Such pre-judgment interest, calculated at the rate of 11.25 percent (11.25%) *per annum*, amounts to $28.33 *per diem* commencing on February 13, 2007. Plaintiff further seeks, and is entitled to, post-judgment interest in accordance with 28 U.S.C. § 1961, calculated at the compounded rate of 4.83 percent (4.83%) *per annum* until the judgment is paid in full (assuming that judgment is entered no later than August 31, 2007).

For the above reasons, plaintiff QVC, Inc. respectfully requests that this Court enter judgment in the above-captioned civil action in its favor and against defendant, Cruisenet Corp., in the amount of $91,928.30, together with costs and pre-judgment interest accruing at $28.33 *per diem* commencing on February 13, 2007 until the date upon which such judgment is entered, and that this Court further provide that such judgment shall accrue post-judgment interest calculated in accordance with 28 U.S.C. § 1961 at the rate of 4.83 percent (4.83%) calculated daily until paid in full and compounded annually.

                SAUL EWING LLP

By: /s/ Kimberly L. Gattuso
Kimberly L. Gattuso (DE No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6868
(302) 421-5871 - FAX
kgattuso@saul.com
    and
Nathaniel Metz (admitted *pro hac vice*)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
(610) 251-5099
(610) 722-3271 – FAX
nmetz@saul.com

Dated: August 13, 2007                            Counsel for Plaintiff QVC, Inc.

# **EXHIBIT A**

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 MAY 25 PM 4:02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC.<br>Studio Park<br>1200 Wilson Drive<br>West Chester, PA 19380-4267,<br><br>                    Plaintiff,<br><br>         v.<br><br>CRUISENET CORP.<br>13615 South Dixie Highway, #114-514<br>Miami, FL 33176,<br><br>                    Defendant. | CIVIL ACTION<br><br>NO. 07-335 |

## COMPLAINT-CIVIL ACTION

Plaintiff, QVC, Inc., by and through its undersigned counsel, hereby complains of defendant, Cruisenet Corp., as follows:

### PARTIES

1.  Plaintiff, QVC, Inc. ("Plaintiff" or "QVC"), is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at Studio Park, 1200 Wilson Drive, West Chester, Pennsylvania 19380-4262.

2.  Defendant, Cruisenet Corp. ("Defendant"), is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business located at 13615 South Dixie Highway, #114-514, Miami, FL 33176. Service of process may be effectuated on Cruisenet Corp. by serving its registered agent, David M. Glassberg, at 13615 South Dixie Highway, #114-514, Miami, FL 33176.

3. At all times material hereto, Defendant acted by and through its agents, employees, servants and representatives, actual or apparent, any and all of whom were acting, or purporting to act, within the course and scope of their authority, agency duties and/or employment.

## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §1391(a) in events or omissions giving rise to Plaintiff's claim occurred in this judicial district and/or in that the parties contractually agreed to the selection of this judicial district as the appropriate venue for the within action.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiff is a general merchandise electronic retailer that markets and distributes a wide variety of products directly to consumers through various means and media, including, without limitation, its direct response television programming

7. Defendant, in relevant part, is a travel agent specializing in offering and facilitating the booking of cruises.

8. Plaintiff, on the one hand, and Defendant, among others, on the other hand, entered into a certain **Joint Marketing Agreement** (the "Agreement"), dated as of May 24, 2006, for, among other things, the purpose of promoting the **QVC 20th Birthday Cruise** (the "QVC Cruise"), a seven night celebratory cruise aboard the *MSC Opera* for QVC customers and

guests, and selling tickets and related travel offerings to QVC customers in connection with the QVC Cruise.

9. In partial consideration for Plaintiff's services and use of trademarks under the Agreement, Defendant was, and is, obligated under the Agreement to remit to QVC, no later than thirty (30) calendar days after the date that the QVC Cruise was completed, a sum representing, among other things, (a) the aggregate dollar amount of difference between the sale price (per person) of ship cabins sold by QVC and the agreed upon cost of such cabins (per person) under the Agreement; (b) all amounts due in connection with travel insurance; and (c) ten percent (10%) of the booking fees for all Ft. Lauderdale hotel rooms booked by QVC customers for pre-departure and post-return nights in connection with the QVC Cruise.

10. Under the terms of the Agreement, there is due and owing by Defendant to Plaintiff the aggregate sum of no less than $91,928.30, representing (a) the aggregate amount of no less than $88,496.00 for the difference between the sale price (per person) of ship cabins sold by QVC and the agreed upon cost of such cabins (per person) under the Agreement; (b) the amount of $2,351.00 in connection with travel insurance; and (c) the amount of $1,081.30 representing ten percent (10%) the booking fees for all Ft. Lauderdale hotel rooms booked by QVC customers for pre-departure and post-return nights in connection with the QVC Cruise.

11. The QVC Cruise was completed on January 17, 2007.

12. Defendant was required to remit to Plaintiff the aforesaid sums no later than February 13, 2007.

13. Defendant, to date, has failed or refused to remit the aforesaid sums due and owing to Plaintiff despite repeated demands for payment.

14. Plaintiff has satisfied all of its obligations under the Agreement.

## COUNT I

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 inclusive as if set forth fully at length herein.

16. Defendant's failure or refusal to remit the amount of no less than $91,928.30 due and owing to Plaintiff, as described above, was, and is, in violation of the contractual terms, covenants and conditions of the Agreement.

17. Plaintiff has sustained, and continues to sustain, damages as a result of Defendant's breaches of the contractual terms and conditions of the Agreement, as described above.

18. Plaintiff is entitled to damages of no less than $91,928.30 due and owing to Plaintiff, as described above, together with costs, and such prejudgment interest as allowed by law.

**WHEREFORE**, plaintiff, QVC, Inc., demands judgment in its favor and against defendant, Cruisenet Corp (a) awarding damages to plaintiff, QVC, Inc., in the amount of no less than $91,928.30; (b) awarding costs and such pre-judgment interest as allowed by law; and (c) granting all such other relief as the Court may deem appropriate and proper.

SAUL EWING LLP

*/s/ Kimberly L. Gattuso*
Kimberly L. Gattuso (DE No. 3733)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899
(302) 421-6868
(302) 421-5871 – FAX
kgattuso@saul.com
Attorneys for Plaintiff, QVC, Inc.

-5-

OF COUNSEL:

Nathaniel Metz, Esquire
Saul Ewing LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5099
(610 722-3271 – FAX
nmetz@saul.com

DATE: May 25, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QVC, INC.

        Plaintiff,      :    CIVIL ACTION

     v.                      :    NO.

CRUISENET CORP.

        Defendant.

**DISCLOSURE STATEMENT FORM
OF PLAINTIFF QVC, INC.
<u>PURSUANT TO FED.R.CIV.P. 7.1</u>**

Please check one box:

☐     The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒     The nongovernmental corporate party, <u>plaintiff, QVC, Inc.</u>, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:
<u>Liberty Media Corporation, possibly through one or more intermediaries, owns 100% of the stock of QVC, Inc.</u>

<u>  May 25, 2007  </u>                              */s/ Kimberly L. Gattuso*
Date

                            Counsel for:   <u>Plaintiff QVC, Inc.</u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
          (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
          (2)    promptly file a supplemental statement upon any change in the information that the statement requires.

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC. | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : NO. 07-cv-00335-SLR |
| | : |
| CRUISENET CORP., | : |
| Defendant. | : |

**DECLARATION OF NATHANIEL METZ, ESQUIRE IN SUPPORT
OF MOTION OF PLAINTIFF QVC, INC. FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT
CRUISENET CORP. PURSUANT TO FED.R.CIV.P. 55(b)(2).**

Nathaniel Metz, Esquire, hereby declares as follows:

1. I am an attorney and a partner in the law firm of Saul Ewing LLP, counsel for plaintiff, QVC, Inc., in the above-captioned civil action. I am admitted to appear *pro hac vice* in the within civil action on behalf of plaintiff, QVC, Inc.

2. The Summons and Complaint in the within civil action were personally served upon the registered agent of defendant, Cruisenet Corp. ("Defendant"), effective on June 8, 2007, in accordance with Fed.R. Civ. P. 4(h)(1). A true and correct copy of the Affidavit of Service is attached as Exhibit "1" hereto.

3. As set in the Summons, and in accordance with Fed.R.Civ.P. 12(a)(1)(A), Defendant was required to answer, move or otherwise respond to the Complaint on or before June 28, 2007, but did not do so.

4. The time period in which Defendant was required to answer, move or otherwise respond was not enlarged.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT

_____
NATHANIEL METZ, ESQUIRE

Executed On August 9, 2007

-2-

# EXHIBIT "1"

550750.1 8/9/07

QVC, Inc., et. al., Plaintiff(s)
vs.
Cruisenet Corp., et. al., Defendant(s)



Service of Process by
**APS International, Ltd.**
1-800-328-7171

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #: 083501-0002

## AFFIDAVIT OF SERVICE -- Corporate

Service of Process on:
--Cruisenet Corp., c/o David M. Glassberg as r/a

Court Case No. 07-335

SAUL EWING
Anthony Iannini
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801

State of: Florida ) ss.
County of: Dade )

Name of Server: **Carlos Aguirre**, undersigned, being duly sworn, deposes and says that at the time of service, s/he was of legal age and was not a party to this action;

Date/Time of Service: that on the **8th** day of **June**, 20 **07**, at **11:48** o'clock **A** M

Place of Service: at **13605 SW 73 ave.**, in Miami, FL 33126

Documents Served: the undersigned served the documents described as:
Summons and Complaint and Civil Cover Sheet

Service of Process on:
Person Served, and Method of Service:
A true and correct copy of the aforesaid document(s) was served on:
Cruisenet Corp., c/o David M. Glassberg as r/a
By delivering them into the hands of an officer or managing agent whose name and title is: _____

Description of Person Receiving Documents:
The person receiving documents is described as follows:
Sex **M**; Skin Color **White**; Hair Color **Grey**; Facial Hair **No**
Approx. Age **45**; Approx. Height **5'9**; Approx. Weight **180 LBS**

☐ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

Signature of Server: Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____
Signature of Server

Subscribed and sworn to before me this **8th** day of **June**, 20 **07**

_____
Notary Public    (Commission Expires)

APS International, Ltd.

Monique A. Patterson
Commission # DD372873
Expires: NOV. 17, 2008
www.AaronNotary.com

# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 07-335-SLR |
| CRUISENET CORP., | ) ) ) |
| Defendant. | ) |

**DEFAULT IN APPEARANCE**

AN ENTRY OF DEFAULT IN APPEARANCE is entered against defendant Cruisenet Corp. pursuant to Federal Rule of Civil Procedure 55(a) as defendant has failed to answer or otherwise respond to the complaint. (See D.I. 4, 8)

Dated: August 9, 2007

_____
(By) Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC. | : |
|                Plaintiff, | :   CIVIL ACTION |
| v. | :   NO. 07-cv-00335-SLR |
| CRUISENET CORP., | : |
|                Defendant. | : |

**ORDER AND JUDGMENT**

AND NOW, this _____ day of _____, 2007, plaintiff QVC, Inc. ("Plaintiff") having filed a **Motion for Entry of Default Judgment as to Defendant Cruisenet Corp.** and the Court having considered Plaintiff's motion, **IT IS HEREBY ORDERED**:

(a) Plaintiff's Motion for Entry of Default Judgment against Defendant Cruisenet Corp. is GRANTED;

(b) The Clerk of the Court is directed to enter judgment against Defendant Cruisenet Corp. and in favor of Plaintiff in the amount of $91,928.30, together with costs and pre-judgment interest accruing at $28.33 *per diem* commencing on February 13, 2007 until the date upon which such judgment is entered, and that such judgment once entered shall accrue post-judgment interest calculated in accordance with 28 U.S.C. § 1961 at the rate of 4.83 percent (4.83%) calculated daily until paid in full and compounded annually.

 

_____
                                               U.S.D.J.