IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC. | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : NO. 07-cv-00335-SLR |
| | : |
| CRUISENET CORP., | : |
| Defendant. | : |

**QVC, INC.'S MOTION FOR EXPEDITED HEARING ON ITS
MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
<u>DEFENDANT CRUISENET CORP. PURSUANT TO FED.R.CIV.P. 55(b)(2)</u>**

QVC, Inc. ("QVC"), by and through its undersigned counsel, hereby moves this Court for an order, in the form attached hereto, expediting the hearing on its Motion for Entry of Default Judgment Against Defendant Cruisenet Corp. Pursuant to Fed.R.Civ.P. 55(b)(2).[1] In support of this motion, QVC respectfully represents as follows:

1. On May 25, 2007, QVC filed its complaint against Cruisenet Corp. ("Cruisenet") alleging breach of contract and seeking damages in the amount of $91,928.30, together with costs and pre and post judgment interest as allowed by law.

2. Although Cruisenet was served with the Summons and Complaint on June 8, 2007, it failed to appear, move or otherwise respond to the Complaint in accordance with Fed.R.Civ.P. 12.

---

[1] Pursuant to Fed.R.Civ.P. 5(a), "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." No pleading asserting new or additional claims against Defendant have been filed in the within civil action. In accordance with Rule 5(a), therefore, no copy of the within motion need be served upon Defendant as a result of the entry of default by the Clerk of the Court.

3. On July 3, 2007, QVC filed a Request to Enter Default of Defendant Cruisenet Corp. Pursuant to Fed.R.Civ.P. 55(a), which was entered by the Court on August 9, 2007.

4. Thereafter, on August 10, 2007, QVC filed a Motion for Entry of Default Against Defendant Cruisenet Corp. Pursuant to Fed.R.Civ.P. 55(b)(2) ("Default Motion") and a supporting Memorandum of Law.

5. On August 21, 2007, the Court issued an Order scheduling the hearing on QVC's Motion to occur on October 10, 2007 at 8:00 a.m.

6. Through this Motion, QVC seeks to expedite the hearing on its Default Motion since it has serious concerns regarding the financial wherewithal of Cruisenet. Specifically, QVC fears that it will be greatly prejudiced by a potential dissipation of Cruisenet's assets prior to the hearing on the Default Motion.

7. To the contrary, there is no prejudice to Cruisenet in expediting the hearing on QVC's Default Motion since Cruisenet has had nearly five months to respond to the allegations contained in the Complaint and has, to date, refused to do so.

WHEREFORE, QVC, Inc. respectfully requests that this Court enter an order:

    (a) Expediting a hearing on QVC, Inc.'s Motion for Entry of Default Against Defendant Cruisenet Corp. Pursuant to Fed.R.Civ.P. 55(b)(2); and

    (b) Setting a hearing date on QVC, Inc.'s Motion for Entry of Default Against Defendant Cruisenet Corp. Pursuant to Fed.R.Civ.P. 55(b)(2) to occur on or before September 14, 2007.

SAUL EWING LLP

*[signature: Kimberly L. Gattuso]*

Kimberly L. Gattuso (DE No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6868
(302) 421-5871 - FAX
kgattuso@saul.com
    and
Nathaniel Metz (admitted *pro hac vice*)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
(610) 251-5099
(610) 722-3271 – FAX
nmetz@saul.com

Dated: September 4, 2007          Counsel for Plaintiff QVC, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QVC, INC. : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | NO. 07-cv-00335-SLR |
| v. : | |
| : | |
| CRUISENET CORP., : | |
| : | |
| Defendant. : | |

## ORDER

AND NOW, this _____ day of _____, 2007, Plaintiff QVC, Inc. having filed a Motion for Expedited Hearing on Its Motion for Entry of Default Judgment as to Defendant Cruisenet Corp. and the Court having considered Plaintiff's motion, **IT IS HEREBY ORDERED**:

(a) Plaintiff's Motion for Expedited Hearing on Its Motion for Entry of Default Judgment is GRANTED;

(b) A default hearing shall be heard on _____, _____, 2007 at _____ __.m. in courtroom 6B on the sixth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.

_____
United States District Judge